**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN R. KRAUTER,<br><br>  Plaintiff,<br><br>v.<br><br>SIEMENS CORPORATION,<br><br>  Defendants. | Civil Action No.: 16-2015 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Siemens Corporation's Motion to Dismiss Plaintiff's First Amended Complaint pursuant Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 32). Plaintiff has submitted opposition to the Motion to Dismiss and has Cross-Moved for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (ECF No. 39). Defendant has replied to Plaintiff's Opposition and has also submitted opposition to Plaintiff's Cross-Motion for Partial Summary Judgment. (ECF No. 8). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Defendant's Motion to Dismiss. Furthermore, the Court declines to rule on Plaintiff's Cross-Motion for Partial Summary Judgment as it is without subject matter jurisdiction.

## BACKGROUND[1]

Plaintiff is a New Jersey resident and the former employee of Defendant. (*See* ECF No. 30 ("FAC") ¶¶ 1, 6). Defendant is a Delaware corporation with a principal place of business in New Jersey. (Compl. ¶ 2). Plaintiff's employment with Defendant began in December 1978 and concluded in February 2006. (Compl. ¶ 6). At the time Plaintiff's employment concluded he had attained the title of Senior Vice President and Chief Financial Officer. (Compl. ¶ 9).

Throughout his 27-year career, Plaintiff participated in four different retirement plans. (Compl. ¶¶ 10-25). First, Plaintiff participated in Siemens Pension Plan ("SPP") from the beginning of his employment with Defendant until February 1, 2006. (Compl. ¶ 10). In 1994, Defendant implemented a new pension plan called the Siemens Pension Preservation Plan ("SPPP"), which Plaintiff also participated in. (Compl. ¶ 12). Thereafter, in 1997, and until 2006, Plaintiff was also a participant in Siemens Corporate Deferred Compensation Plan ("DCP"). Finally, in 2001, and until 2006, Plaintiff also participated in Siemens Medical Solutions USA, Inc. Key Employee Retention Plan ("KERP"). Plaintiff alleges that Defendant made various promises in connection with the aforementioned retirement plans, including, but not limited to, a promise that Defendant would administer the plans and make the requisite payments under same. (Compl. ¶ 26-28).

In 2015, Defendant sold its audiology business to non-party Sivantos, Inc. (Compl. ¶ 31). According to Plaintiff, this transfer has placed his retirement benefits and deferred compensation at risk. (Id.). Plaintiff makes this assertion because he claims that Defendant has over €90 billion in tangible asserts, which exceeds its liabilities, while Sivantos' reported liabilities exceed its total

---

[1] This background is derived from Plaintiff's First Amended Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

assets. (Compl. ¶¶ 33-35). Accordingly, Plaintiff is concerned about Sivantos' ability to make payments under the aforementioned retirement plans. (Compl. ¶ 60). Finally, Plaintiff avers that the transfer was improper because he was never provided notice regarding same nor was he ever advised that such a transfer was possible. (Compl. ¶¶ 36, 50). Hence, Plaintiff believes the transfer of the retirement plans was improper and in violation of the various plan documents. (Compl. ¶ 43).

Plaintiff brought this action asserting the following claims: Count I – Breach of Fiduciary Duty in violation of the Employee Retirement Income Security Act of 1974 ("ERSA"); Count II – Declaratory Judgment under ERISA for a Prohibited Transaction; Count III – Declaratory Judgment under ERISA to Enforce His Rights Pursuant to the Retirement Plans; Count IV – Declaratory Judgment under ERISA to Recover His Benefits; Count V – Breach of Defendant's Duty to Provide Information under ERISA; and Count VI – Promissory Estoppel. Defendant moves to dismiss Plaintiff's FAC asserting that, because Plaintiff has not alleged any injury in fact, this Court is without subject matter jurisdiction, and Plaintiff has failed to state a claim upon which relief may be granted.

## LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

"Federal Rule of Civil Procedure 12(b)(1) provides that a party may bring a motion to dismiss for lack of subject matter jurisdiction." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). "A motion to dismiss for want of standing is also properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Id.* "The party invoking federal jurisdiction bears the burden of establishing the elements of standing, and each element must be supported in

the same way as any other matter in which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Focus v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir. 1996) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

"When standing is challenged on the basis of the pleadings, [courts must] accept as true all material allegations in the complaint, and . . . construe the complaint in favor of the complaining party." *Id.* (quoting *Pennell v. City of San Jose*, 485 U.S. 1, 7 (1988)). However, when the challenging party presents a factual challenge, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006).

In considering a factual attack on a 12(b)(1) motion, "no presumptive truthfulness attaches to plaintiff's allegations," and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.* at n.3 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003)(quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "It is axiomatic that, in addition to those requirements imposed by statute, plaintiffs must also satisfy Article III of the Constitution." *Horvath v. Keystone Health Plan East, Inc.*, 333 F.3d 450, 455 (3d Cir. 2003)(citation omitted). As the Third Circuit has articulated, the requirements of Article III standing are as follows:

> (1) *the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical*; (2) there must be a causal connection between the injury and the conduct complained of – the injury

4

> has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, *as opposed to merely speculative*, that the injury will be redressed by a favorable decision.

*Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)(emphasis added). The Supreme Court has recently clarified the connection between Article III's concrete harm requirement in connection with statutory violations. *See generally Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). There, the Court held that "Article III standing *requires a concrete injury even in the context of a statutory violation*." *Spokeo*, 136 S. Ct. at 1549. Thus, for injuries based on alleged statutory violations plaintiffs must still plead a "concrete" injury in fact. *Id.*

## B. Federal Rule of Civil Procedure 12(b)(6)

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## ANALYSIS

Plaintiff's FAC must be dismissed as Plaintiff fails to properly plead any injury in fact. Indeed, the FAC contains allegations that Defendant improperly transferred his retirement benefits to Sivantos when Defendant sold Sivantos its audiology unit. Plaintiff believes that this transfer has placed his retirement benefits at risk because Sivantos has more liabilities than assets, in contrast to Defendant who has significant assets with less liabilities on its books. This, Plaintiff asserts, is grounds concern because Sivantos is supposedly in a financially weaker position, thereby subjecting it to *an increased risk of potentially defaulting* on its liabilities, including some or all of Plaintiff's retirement benefits. (*See* Compl. ¶ 60) ("[Defendant's] conduct *has substantially increased the **risk** of loss to [Plaintiff] and his beneficiaries...*")(emphasis added).

However, the FAC is devoid of any allegations of *actual* harm to Plaintiff. Nowhere within the FAC are there allegations that any of the retirement benefit plans have failed to make necessary payments. In fact, the circumstances are the exact opposite and the plans now managed by Sivantos have yet to miss a single payment due to Plaintiff. *Id.*

Accordingly, Plaintiff has failed to plead an injury in fact and lacks standing to bring this action. Plaintiff's alleged harms all rely upon Sivantos' conduct since it took over Plaintiff's

retirement benefit plans. Yet, none of those actions actually inflicted any harm upon Plaintiff. The FAC simply hypothesizes that he would incur harm in the future if Sivantos' actions lead to missed payments. This is merely speculative and not concrete. The Third Circuit has explicitly held that "[t]he risk that [Plaintiff's] pension benefits will at some point in the future be adversely affected as a result of the present alleged ERISA violations *is too speculative to give rise to Article III standing.*" *Perelman v. Perelman*, 793 F.3d 368, 375 (3d Cir. 2015)(quoting *David v. Alphin*, 704 F.3d 327, 338 (4th Cir. 2013)).

The same logic applies to Plaintiff's promissory estoppel claim in Count VI. There, Plaintiff asserts Defendant made various promises in connection with his retirement benefit plans. (*See* Compl. ¶¶ 143-148). Plaintiff asserts that Defendant breached said promises by selling its audiology business to Sivantos, along with his retirement benefits. (*See* Compl. ¶ 149) ("[Defendant] breached the Pledge and Promises in 2015 and thereafter, and *such breach proximately cause damage to* [Plaintiff] of a definite and substantial nature."). However, nowhere within the complaint, or the specific promissory estoppel count, does Plaintiff actually explain how he has been damaged by said breach. Thus, because Plaintiff has failed to plead any concrete injury in fact, this Court lacks subject matter jurisdiction and must dismiss the FAC.

Plaintiff attempts to allege injury in fact by claiming, albeit *de minimis*, harm in connection with his 401(k) and DCP retirement benefits. (*See* Compl. ¶¶ 81-90). Specifically, Plaintiff claims that the new funds which Sivantos maintains and that cover these plans do not have the same investment vehicles as his prior plans and charge higher maintenance fees.[2] Plaintiff acknowledges that these plans are governed by ERISA. (*See* Compl. ¶ 17).

---

[2] The Court notes that while alleging higher maintenance fees, Plaintiff fails to plead how much more in fees Plaintiff is paying now in comparison to when the plans were maintained by Defendant.

7

Employees who participate in plans governed by ERISA may bring an action under the Act to "*recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan*, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B)(emphasis added). However, prior to filing a claim in federal court, "[u]nder ERISA *a party must exhaust all of the administrative remedies available under the plan*." *Henshaw v. Roofers Local No. 4 Pension Fund*, 2006 WL 2715138, at *2 (D.N.J. Sept. 19, 2006)(emphasis added); *see also Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir. 1990) ("Except in limited circumstances . . . , a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan."); *Wolf v. Nat'l Shopmen Pension Fund*, 728 F.2d 182, 185 (3d Cir. 1984) (noting that "the federal courts have generally not entertained [ERISA actions] where the party bringing the action has failed to exhaust administrative remedies"); *Zipf v. Amer. Tel. and Tel. Co.*, 799 F.2d 889, 892 (3d Cir. 1986) (explaining that claims based on the denial of benefits cannot initially be brought in a federal court).

Thus, even if the Court were to view the increased fees and lack of cetain investment vehicles Plaintiff desires as concrete injuries in fact with regards to Plaintiff's 401k and DCP benefit plans, the FAC still must be dismissed. This is because Plaintiff fails to identify what administrative remedies are available under the two plans, let alone that he has exhausted same. Such allegations are imperative for claims under ERISA. Without such allegations, Plaintiff's FAC is deficient and is hereby dismissed.

Finally, since this Court is without jurisdiction over the matter, the Court may not make any further determinations or rulings. Thus, the Court declines to rule of Plaintiff's Cross-Motion for partial summary judgment.

## **CONCLUSION**

For the aforementioned reasons, Defendant's Motion to Dismiss Plaintiff's FAC is hereby granted and the FAC is dismissed. Defendant's Motion for partially summary judgment is denied. An appropriate order accompanies this Opinion.

DATED: March 13th, 2017

JOSÉ L. LINARES
UNITED STATES DISTRICT JUDGE